IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

JUAN C TORRES COLON

**Plaintiff,**

v.

COMMISSIONER OF SOCIAL SECURITY

**Defendant.**

CIVIL NO. 09-1840 (JAG)

OPINION AND ORDER

GARCIA-GREGORY, D.J.

Before the Court is an action brought under Section 205 (g) of the Social Security Act, 42 U.S.C.A § 405(g) (2010), as amended, to review a final determination by the Commissioner of Social Security denying Juan C. Torres Colon's ("Plaintiff") disability insurance benefits. For the reasons outlined below, the Court **AFFIRMS** the Commissioner's determination and **DISMISSES WITH PREJUDICE** the Plaintiff's petition to review the Commissioner's final determination.

I.   Background

Plaintiff filed an application for child disability benefits on August 19, 2002. The application was denied by the Commissioner of Social Security on February 18, 2003. The Plaintiff asked for reconsideration and the application

was also denied on June 20, 2005. (Tr. 110). An Administrative Law Judge ("ALJ") held administrative hearings on February 2, 2010[1], and May 19, 2010. Plaintiff was not present in either of the hearings. (Tr. 727,773). After a *de novo* review of the evidence, the ALJ determined that Plaintiff was not disabled as defined in the Social Security Act. (Tr. 33). The Appeals Council also decided against Plaintiff on September 29, 2011. (Tr. 5).

Plaintiff completed the seventh grade. The Plaintiff had two employers which were: (1) Pueblo Xtra Company and, (2) Buchanan Base, Brevard Company Achievement Center. (Tr. 405). Plaintiff argues that the negative determination by Commissioner of Social Security is not supported by substantial evidence on the record. Furthermore, Plaintiff argues that the ALJ committed error in his determination that Plaintiff is not disabled.

## II. Standard of Review

Judicial review of the Commissioner of Social Security denial of disability insurance benefits is limited to determine if the decision achieved by the Commissioner is supported by substantial evidence. See 42 U.S.C.A. § 405 (g) (2010); Richardson v. Perales, 402 U.S. 389, 390 (1971). The term "substantial evidence" means "such

---

[1] This case was remanded to the Commissioner of Social Security for administrative proceedings on October 29th, 2009. As a result, several hearings were held in 2010 and the Appeals Council decided against Plaintiff on 2011.

Case 3:09-cv-01840-JAG   Document 18   Filed 06/19/12   Page 3 of 14

Civ. No. 9-1840(JAG)                                                    3

relevant evidence as a reasonable mind might accept as adequate to support a conclusion." See Richardson, 402 U.S. at 401. "In reviewing the record for substantial evidence, we are to keep in mind that issues of credibility and the drawing of permissible inference from evidentiary facts are the prime responsibility of the Secretary." See Lizotte v. Secretary of Health and Human Services, 654 F.2d 127, 128 (1st Cir. 1981) (citing, Rodriguez v. Secretary of Health and Human Services, 647 F.2d 218, 222 (1st Cir. 1981)). Moreover, the Court "must affirm the Secretary's [determination], even if the record arguably could justify a different conclusion, so long as it is supported by substantial evidence." See Evangelista v. Secretary of Health and Human Services, 826 F.2d 136, 144 (1st Cir. 1987). The Court may find a determination by the ALJ "not conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts." See Nguyen v. Chater, 172 F.3d. 31, 35 (1st Cir. 1987).

The Commissioner of Social Security has developed a five-step process to determine if an individual is disabled and therefore, entitled to Social Security disability insurance benefits. The first step is to consider if the individual is working, that means performing substantial

gainful activity, if so, he is not disabled as determined in the Social Security Act, 42 U.S.C. § 423(d) (2004). The second step is to consider the medical severity of Plaintiff's impairment(s). It is important to note that if Plaintiff does not have severe medically determinable physical or mental impairment(s) that meets the duration requirement found in, 20 CFR § 404.1509 (2012), the Commissioner will find that Plaintiff is not disabled. The third step, deals with the consideration of the medical severity of the impairment(s). The alleged impairment(s) must meet or equal one of those listed in the Listing of Impairments, 20 C.F.R. Pt. 404, Subpt. P, App. 1 (2011). In the fourth step, the Commissioner considers the Plaintiff's residual functional capacity ("RFC") and past relevant work. If the Plaintiff is found to be able to perform his past relevant work he will be considered not disabled. The fifth and final step is to consider Plaintiff's RFC along with his age, education, and work experience to see is he is able to perform another job in the national economy. If Plaintiff is able to perform another job in the national economy, the Commissioner will determine that Plaintiff is not disabled. "[A]ll five steps are not applied to every applicant, as the determination may be concluded at any step along the process." See Freeman v. Barhman, 274 F.3d

606, 608 (1st Cir. 2001). "The applicant has the burden of production and proof at the first four steps of the process." Id. "If the applicant has met his or her burden at the first four steps, the Commissioner then has the burden at Step 5 of coming forward with evidence of specific jobs in the national economy that the applicant can still perform." Id. (citing Arocho v. Secretary of Health and Human Services., 670 F.2d 374, 375 (1st Cir. 1982)).

### III. The Agency's Findings

On July 26, 2010, ALJ Maria Teresa Mandry came to the following conclusions (Tr. 23-33):

1. Plaintiff engaged in substantial gainful activity from the years 1994 through 1997.

2. There was a continuous 12-month period in which the Plaintiff did not engage in substantial gainful activity.

3. Prior to attaining age 22, Plaintiff had the following impairments: attention deficit hyperactivity disorder (ADHD) and borderline-average mental functioning.

4. Prior to attaining age 22, Plaintiff did not have severe impairments that meet or equal the ones listed in the

   Listing of Impairments, 20 C.F.R. Pt. 404, Subpt. P, App. 1 (2011).

5. Prior to attaining age 22, Plaintiff had the RFC to perform a full range of work at all exertional levels with certain nonexertional limitations. Since Plaintiff suffers from ADHD and borderline-average mental functioning, Plaintiff could not engage in tasks involving detailed or technically complex job instructions or more than 2-step tasks.

6. Plaintiff retained the ability to comply with the mental demands of basic work-related tasks such as: learning, understanding, remembering, and carrying-out simple repetitive and routine tasks. He also retained the ability to make simple decisions as well as maintain attention and concentration for at least a two-hour period without undue interruptions.

7. Plaintiff has the capacity to adapt to changes in work routine. He is able to comply with the production quotas of a competitive work environment.

8. The ALJ determined that prior to attaining age 22, Plaintiff was capable of performing past relevant work as a bagger and as a maintenance man. These jobs do not require the performance of work-related activities

Case 3:09-cv-01840-JAG   Document 18   Filed 06/19/12   Page 7 of 14
Civ. No. 9-1840(JAG)                                               7

precluded by Plaintiff's residual functional capacity (RFC).

9. After careful consideration of the record the ALJ determined that the Plaintiff was not disabled, as defined by the Social Security Act, prior to December 29, 1999 the date he turned 22.

### IV. Analysis

#### A.   Disability Defined (Qualifying Criteria)

"The ultimate question is whether [Plaintiff] is disabled within the meaning of 42 U.S.C. [§] 423(d)." See Sherwin v. Secretary of Health and Human Services, 685 F.2d 1, 2 (1st Cir. 1982). The Social Security Act, 42 U.S.C. § 423(d) (2004), defines disability as: "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment…."

#### B.   Plaintiff's Arguments Regarding the ALJ's Decision

Plaintiff contends that the determination made by the ALJ is not supported by the evidence on record. More specifically, Plaintiff argues that (1) the ALJ misunderstood the declaration of the Vocational Expert ("V.E.") and (2) that the ALJ did not consider the answer given by the V.E. when Plaintiff's counsel questioned her.

Plaintiff argues that the ALJ committed error in his conclusion because it is premised on a mistaken interpretation of the V.E.'s answer to a hypothetical question. Plaintiff objects to the ALJ's conclusion that the V.E. testified that Plaintiff could perform past relevant work and could have performed other jobs that are repetitive in nature with more direct supervision. Plaintiff avers that what the V.E. actually stated was that Plaintiff could perform past relevant work with continuous support. Thus, Plaintiff posits that the ALJ erroneously interpreted the V.E.'s opinion.

Plaintiff seeks to bolster his argument by claiming that the record reflects that Plaintiff's vocational history reveals that he was unable to hold on to his previous employments and that this militates towards a conclusion that Plaintiff could not perform his past relevant work on a sustained basis. Plaintiff goes on to argue that the ALJ cited only the evidence that supported her conclusion and disregarded the overwhelming evidence contrary to his conclusion. Lastly, Plaintiff claims that the ALJ's conclusion does not comply with Arocho, 670 F.2d at 375, because the ALJ's conclusion is not supported by medical authorities. However, Plaintiff does not offer any clarity on what medical authorities actually say; instead

Case 3:09-cv-01840-JAG   Document 18   Filed 06/19/12   Page 9 of 14
Civ. No. 9-1840(JAG)                                                9

Plaintiff seems to only make this argument in passing before proceeding to argue that the ALJ's conclusion is also unsupported by the record. The argument raised by Plaintiff regarding the ALJ's reliance on the answer to the ALJ's own hypothetical question has been previously addressed. See Anthony v. Astrue, No. 07-3344, 2008 U.S. App. LEXIS 4403, at *25 (6th Cir. Feb. 22, 2008)(stating that the ALJ's decision may not be overruled simply because of the V.E.'s response to an altered hypothetical made by counsel if the ALJ's conclusion is based on facts).

It has been established that the hypotheticals posed to the V.E., must be supported by substantial evidence in the record. "The ALJ was entitled to credit the vocational expert's testimony as long as there was substantial evidence in the record to support the description of claimant's impairments given in the ALJ's hypothetical to the vocational expert." See Berrios Lopez v. Secretary of Health and Human Services, 951 F.2d 427, 429 (1st Cir. 1991). "A proper hypothetical question is one that "can be said to incorporate reasonably all disabilities of the claimant recognized by the ALJ." See Velez-Pantoja v. Astrue, 786 F. Supp. 2d 464, 469 (D.P.R. 2010)(citing, Bowling v. Shalala, 36 F.3d 431, 436 (5th Cir. 1994)). "The hypothetical question need only include those impairments

and limitations found credible by the ALJ . . . " See Vandenboom v. Barnhart, 421 F.3d 745, 750 (8th Cir. 2005)(citing, Forte v. Barnhart, 377 F.3d 892, 897 (8th Cir. 2004)); see also Ehrhart v. Secretary of Health & Human Services, 969 F.2d 534, 540 (7th Cir. 1992)("The hypothetical question posed by the ALJ was proper because it reflected [Plaintiff's] impairments to the extent that the ALJ found them supported by evidence in the record."). Similarly, a "hypothetical question need not mention an impairment which the ALJ has found is not a significant factor affecting the claimant's ability to work nor an alleged impairment which the ALJ does not believe to actually exist." See 4 Publisher's Editorial Staff, Social Security Law and Practice, § 52.107 (2012).

In this case, the ALJ did not rely exclusively on the hypothetical posed to the V.E. as implied by Plaintiff. The ALJ considered all the evidence and the opinion of medical experts as required. "Administrative law judges are responsible for reviewing the evidence and making findings of fact and conclusions of law. They will consider opinions of state agency medical or psychological consultants, other program physicians and psychologists, and medical experts . . . " 20 C.F.R. § 404.1527(e)(2) (2012). During the first hearing held on February 2, 2010, the psychiatrist on

behalf of Social Security Administration ("SSA"), Dr. Guillermo Hoyos, explained: "[T]he hyperactivity traits and the behavioral traits are classical with deficit of attention, they are classical examples, but it does have a remedy if it is treatable." (Tr. 762). Furthermore, Dr. Hoyos indicated that Plaintiff could perform easy tasks. (Tr. 764). Finally, when asked by the ALJ if Plaintiff could follow simple instructions Dr. Hoyos replied: "Those things that interest the person he will do, those that does not, he will not do." (Tr.765). Regarding the issue of Plaintiff's lack of interest when he is supposed to perform an activity, Dr. Hoyos concluded that Plaintiff could maintain interest in the things that he is supposed to do if he is adequately medicated. Id. Plaintiff did not attend the first hearing, in which Dr. Hoyos testified.

A second hearing was held on May 19, 2010, in order to give Plaintiff another opportunity to testify, but Plaintiff failed to attend this hearing as well. Dr. Ramon O. Fortuño-Ramirez, psychiatrist on behalf of the SSA, testified in Plaintiff's second hearing. Dr. Fortuño-Ramirez, stated that the "impairments" suffered by Plaintiff did not "meet or medically equal any listing". (Tr. 803). Plaintiff argues that the ALJ only cited evidence that supported her conclusion, disregarding the

overwhelming evidence opposing it. However, Plaintiff fails to cite specifically what evidence contradicts her conclusion. The Court understands that the ALJ's conclusion is supported by the testimony of two medical professionals, Dr. Hoyos and Dr. Fortuño-Ramirez. Furthermore, the Court notes that the record contains an evaluation by Dr. Jeanette Maldonado, a state agency physician, who concluded that Plaintiff meets the mental demands of basic work-related tasks such as: learning, understanding, remembering, as well as, maintaining attention and concentration for at least a two-hour period without undue interruptions. (Tr. 475-478). Thus, the record contains several medical testimonies that support the ALJ's conclusion that Plaintiff is not disabled as defined in The Social Security Act, 42 U.S.C. § 423(d) (2004).

The ALJ enjoys the discretion to credit reports regarding Plaintiff's medical condition. See Roman-Roman v. Commissioner of Social Security, No. 03-2258, 2004 U.S. App. LEXIS 24189, at *4 (1st Cir. Nov. 19, 2004). Furthermore, the Court understands that no medical professional concluded that Plaintiff requires continuous support in order to perform a substantial gainful activity.

The ALJ determined that Plaintiff's RFC allowed him to maintain the ability to comply with the mental demands of

basic work-related tasks such as: learning, understanding, remembering, and carrying-out simple repetitive and routine tasks. Also, the ALJ determined that Plaintiff retained the ability to make simple decisions as well as maintain attention and concentration for at least a two-hour period without undue interruptions. It is important to note that when asked by the ALJ, the V.E. referred to the Dictionary of Occupations Titles ("D.O.T.") and stated that Plaintiff is able to perform four types of employment that require no skill at all and that intrinsically include direct supervision: (1) Final Assembler, (2) Examiner, (3) Marker [sic] Number II and (4) Ticketer. These jobs fit perfectly within Plaintiff's RFC, since those are jobs that are simple and repetitive in nature. The jobs previously described are found in different industries like clothing, food, pharmaceutical, electronics and distilleries. The V.E. proceeded to explain that in Puerto Rico's local economy we can find about 110,000 jobs within the categories previously described and in the national sense we are able to find about 14,699,536 jobs that fit the previously stated categories. (Tr.768).

As a result of the foregoing, the Court finds no reason to reject the ALJ's conclusion.

### Conclusion

In view of the foregoing, this Court **AFFIRMS** the Commissioner's determination and **DISMISSES WITH PREJUDICE** the Plaintiff's petition to review the Commissioner's final determination denying Plaintiff Social Security disability insurance benefits.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 19th day of June, 2012.

<u>S/ Jay A. García-Gregory</u>
JAY A. GARCÍA-GREGORY
United States District Judge